IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DONALD RAY WELLS,                                     CV. 06-18-MA

        Petitioner,                       OPINION AND ORDER

    v.

ROSEANNE CAMPBELL, Warden,
JOAN PALMATEER, Warden,

        Respondents.

James F. Halley
735 SW First Ave.
Portland, Oregon 97204

    Attorney for Petitioner

Lester R. Huntsinger
Senior Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, Oregon 97301-4096

    Attorney for Respondents

MARSH, Judge

    Petitioner, an inmate in the custody of the Oregon Department

of Corrections, brings this habeas corpus proceeding pursuant to 28

1 -- OPINION AND ORDER

U.S.C. § 2254.  For the reasons set forth below, petitioner's habeas corpus petition is denied and this proceeding is dismissed.

## BACKGROUND

The procedural background of this case is substantial.  In 1985, petitioner was indicted in Polk County on eight felony counts arising out of the robbery of Brush College Store, the theft of a vehicle, and an ensuing police chase during which petitioner fired shots at police.

Prior to trial, petitioner moved to suppress statements he made to police.  The factual basis of the motion revealed that when petitioner was arrested by police, he collapsed and was taken to the hospital on the suspicion that he had overdosed on drugs.  While hospitalized, petitioner was interviewed by police and stated that he had not planned to commit the robbery, but "snapped and grabbed the cash drawer."  Petitioner also stated that he had intended to kill one of the responding police officers, but had forgotten to load his gun.

On August 21, 1985, a suppression hearing was held.  The Honorable Donald R. Blensly denied petitioner's motion to suppress, concluding that petitioner's statements to police were made voluntarily.  Petitioner subsequently pled guilty to Robbery in the Third Degree, and was found guilty of Attempted Murder after a stipulated facts trial.  The remaining charges were dismissed.

2 -- OPINION AND ORDER

Petitioner was sentenced to 20 years for Attempted Murder, and a consecutive five-year term of imprisonment for Robbery.

Petitioner appealed, challenging Judge Blensly's denial of the motion to suppress. Petitioner's convictions were affirmed by the Oregon Court of Appeals, and the Oregon Supreme Court denied review. State v. Wells, 80 Or. App. 595, 722 P.2d 745, rev. denied, 302 Or. 36 (1986). Petitioner subsequently sought state post-conviction relief, which was denied at the trial level, and on appeal. Wells v. Maass, 110 Or. App. 425, 823 P.2d 456 (1991), rev. denied, 313 Or. 75 (1992).

In 1985, petitioner also was prosecuted in federal court under the Armed Career Criminal Act (ACCA) based upon the same underlying facts giving rise to the Polk County proceeding. United States v. Wells, Cr. No. 85-154-RE. In the federal proceeding, the Honorable James A. Redden granted petitioner's motion to suppress his hospital-bed statements on the basis that those statements were made under the influence of intoxicants which impaired petitioner's "ability to intelligently and voluntarily give statements to the detective." Petitioner nevertheless was convicted by a jury for possession of a short barreled shotgun, and for being an armed career criminal. See United States v. Wells, 162 F.3d 1171 (9th Cir. Oct. 13, 1998) (unpublished).

In 1995, petitioner was granted federal habeas corpus relief on the basis that he had received ineffective assistance of counsel

3 -- OPINION AND ORDER

*in connection with his guilty plea* in the Polk County proceeding. The case was remanded with the following instructions:

> 1. The guilty plea and stipulated fact judgment entered in Polk County Case No. 85-3226 shall be vacated.
>
> 2. Polk County proceedings shall be revived on all counts pending before the entry of the guilty plea and the stipulated fact judgment.
>
> 3. Petitioner shall be retried on any counts in Polk County within 90 days of the date of this order.

Wells v. Maass, 92-376-MA (Order #58) (Nov. 1, 1995).

On remand to the Polk County court, petitioner was not offered a plea bargain, but instead proceeded to trial on all eight counts. Prior to trial, petitioner filed a motion to suppress, seeking to relitigate the issue of whether his statements made to police in the hospital were voluntary. The trial court denied the motion, holding that Judge Blensly's 1985 decision denying defendant's motion to suppress, which had been affirmed on appeal, was the law of the case.

Petitioner subsequently was convicted by a jury of Robbery in the First Degree (three counts), Attempted Murder (one count), Ex-Convict in Possession of a Firearm (two counts), and Unauthorized Use of a Motor Vehicle (one count). Petitioner was sentenced to 80 years imprisonment, with a 40-year minimum, to run consecutively to any sentences imposed in other cases.[1]

---

[1] In addition to his federal ACCA conviction, petitioner was convicted in Marion County of robbing a Circle K Store. State v.

4 -- OPINION AND ORDER

Petitioner filed a direct appeal, arguing that the trial court erred in concluding that the 1985 ruling on the motion to suppress was the law of the case. During the course of the appeal, the Oregon Court of Appeals took judicial notice of Judge Redden's opinion in United States v. Wells, 85-154-RE.[2] The Oregon Court of Appeals ultimately affirmed without opinion, and the Oregon Supreme Court denied review. State v. Wells, 154 Or. App. 729, 963 P.2d 756, rev. denied, 328 Or. 41 (1998).

Petitioner again sought state post-conviction relief, raising multiple claims of ineffective assistance of trial and appellate counsel. At the post-conviction proceeding, petitioner was allowed to supplement his testimony through the submission of hand-written documents. See Resp. Exhs. 113 & 131 at 23-25; Petitioner's Memo. at 12 n.2 & Exh. F.[3] The post-conviction court denied relief, the

---

Wells, Marion County case no. 85-5164. Petitioner was sentenced to 20 years imprisonment, with a 10-year minimum, to run consecutively to all other sentences. See Wells v. Maass, 28 F.3d 1005, 1007 (9th Cir. 1994).

[2] Because the Oregon Court of Appeals took judicial notice of Judge Redden's decision, (see petitioner's exhibits C & E) petitioner's request to expand the record to include the decision is granted. Petitioner's request to expand the record to include the transcript from the federal suppression hearing, however, is denied due to the fact that petitioner failed to develop these facts in state court and has failed to make the requisite showing under 28 U.S.C. § 2254(e)(2) justifying expansion of the record.

[3] Contrary to petitioner's suggestion, it appears to this court that the post-conviction court allowed petitioner to file supplemental materials *to support the claims raised in the second amended petition.* There is nothing in the record to support the

Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Wells v. Palmateer, 199 Or. App. 417, 112 P.3d 1203, rev. denied, 339 Or. 609 (2005).

In the instant proceeding, petitioner alleges that he was denied effective assistance of trial and appellate counsel, and that the trial court violated his constitutional rights by failing to suppress petitioner's hospital-bed statements, shackling petitioner during trial, proceeding with a defective indictment, using an incorrect presentence report, and denying petitioner his right to call witnesses.

## DISCUSSION

Respondent moves to deny habeas corpus relief on the basis that most of petitioner's claims are procedurally defaulted, one fails to state a claim, and the remaining claims lack merit.

I. **Procedurally Defaulted Claims**.

    A. **Applicable Law**.

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1). A state prisoner satisfies the exhaustion requirement by fairly presenting his claims to the

---

conclusion that the post-conviction court permitted petitioner to raise *additional* claims *pro se*. See Resp. Exh. 131 at 15-19 & 34.

appropriate state courts at all appellate stages afforded under state law.  Casey v. Moore, 386 F.3d 896, 915-16 (9th Cir. 2004), cert. denied, 545 U.S. 1146 (2005); Baldwin v. Reese, 541 U.S. 27, 29 (2004).

When a state prisoner fails to exhaust his federal claims in state court, and the state court would now find the claims barred under applicable state rules, the federal claims are procedurally defaulted.  Casey, 386 F.3d at 920; Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991).  Habeas review of procedurally defaulted claims is barred unless the petitioner demonstrates cause for the procedural default and actual prejudice, or that the failure to consider the claims will result in a miscarriage of justice.  Coleman, 501 U.S. at 750.

**B.   Grounds for Relief Raised for the First Time.**

The following grounds for relief are procedurally defaulted because they were not raised on direct appeal or in the state post-conviction proceeding, and the time for doing so has now expired: 1.7 (trial counsel's failure to advise court of scope of remand), 1.8 (trial counsel's failure to inform court that first appeal was "void"), 2.2 (appellate counsel's failure to challenge parole board action), 3 (Miranda violation), 4 (shackling), 5 (double jeopardy), 6 (failure to severe felon in possession charge), and 7 (due

7 -- OPINION AND ORDER

process).[4]  See O.R.S. 138.071(1) (30-day limitation for direct appeal); O.R.S. 138.510(3)(2-year limitation for post-conviction).

Petitioner contends that the procedural default of his claims of trial court error (grounds 3, 4 & 6) should be excused "due to the inherent conflict of interest Sally Avera, the head of the office which represented Wells on direct appeal, had by virtue of her marriage to Wells' prosecutor Fred Avera."  I disagree.

Petitioner's appellate attorney was Peter Gartlan, Deputy Public Defender, not Sally Avera.  See Resp. Exh. 102.  Any conflict of interest Sally Avera may have had by virtue of her marriage to the prosecutor, did not prevent Gartlan from raising all assignments of error.  Petitioner alleges no facts to support a finding that Ms. Avera was actively involved in, or otherwise interfered with, petitioner's direct appeal.  Accordingly, petitioner has failed to demonstrate cause sufficient to excuse his procedural default.  But see Manning v. Foster, 224 F.3d 1129, 1134-35 (9th Cir. 2000) (trial attorney's failure to file state habeas petition, caused by actual conflict of interest, may constitute cause sufficient to excuse procedural default).

///

///

---

[4] For purposes of this decision, I adopt the numbering of the grounds for relief used in the parties' briefing, rather than those used in the *pro se* habeas petition.  See Respondent's Response Brief at 5-6, notes 13 & 14.

8 -- OPINION AND ORDER

### C. Grounds for Relief Not Fairly Presented.

Grounds for relief 1.1 (trial counsel's failure to move to sever) and 2.1 (appellate counsel's conflict of interest) are procedurally defaulted because they were not fairly presented to the state court in the second amended petition for post-conviction relief. Rather, petitioner raised them in a supplemental *pro se* document which did not properly put the issues before the state post-conviction court. See Bowen v. Johnson, 166 Or. App. 89, 92-93, 999 P.2d 1159, rev. denied, 330 Or. 553 (2000) (all claims for post-conviction relief not raised in petition are deemed waived unless claim could not reasonably have been asserted at that time); footnote 3, *supra*.

Moreover, neither grounds for relief 1.1 nor 2.1 were raised to the Oregon Court of Appeals from the denial of post-conviction relief. In this regard, I reject petitioner's assertion that ground for relief 1.1 was fairly presented to the Oregon Court of Appeals by virtue of his assignment of error that trial counsel failed to object to the jury having a copy of the indictment during deliberation. See Moormann v. Schriro, 426 F.3d 1044, 1056 (9th Cir. 2005), cert. denied, 548 U.S. 927 (2006) (discrete claims of ineffective assistance of counsel must be exhausted).

Under Oregon law, petitioner cannot again seek state post-conviction relief. O.R.S. 138.510(3). Accordingly, the claims are procedurally defaulted.

9 -- OPINION AND ORDER

**II.   The Merits.**

Respondent moves to deny habeas corpus relief on the basis that the state court's rejection of petitioner's remaining claims for relief is entitled to deference.  I agree.

**A.   Ineffective Assistance of Trial Counsel (Grounds for Relief 1.2, 1.3, 1.4, 1.5, 1.6, 1.9 and 1.10).**

A claim of ineffective assistance of counsel, requires petitioner to prove that counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  Bell v. Cone, 535 U.S. 685, 695 (2002); Williams v. Taylor, 529 U.S. 362, 390-91 (2000); Strickland v. Washington, 466 U.S. 668, 687-88 (1987).  In evaluating proof of prejudice, this court "must consider the totality of the evidence" before the jury.  Strickland, 466 U.S. at 696.

    1.   Failure to Seek Discovery/Object to the Destruction of Evidence (Grounds for Relief 1.2 and 1.3)

In ground for relief 1.2, petitioner complains that trial counsel failed to seek discovery and require the prosecution to produce Brady material.  In ground for relief 1.3, petitioner complains that trial counsel failed to object to the prosecution's failure to maintain the evidence.

At the state post-conviction proceeding, trial counsel attested that he believed that he obtained all discovery, although

10 -- OPINION AND ORDER

he conceded that some of the physical evidence was destroyed during the ten-year period between the first and second trial. Resp. Exh. 129 at 3; <u>see also</u> Trial Tr. at 166, 250 & 281. A review of the state court record reveals that trial counsel *did* move to dismiss the charges based upon the state's destruction of the physical evidence, but that the trial court denied the motion. Trial Tr. at 32-40.

Based upon these facts, the post-conviction court made the following finding:

> Counsel adequately handled the issue of the physical evidence in petitioner's case. Counsel was not inadequate for failing to file a discovery motion to obtain the original evidence, as such evidence did not exist. It had been destroyed in good faith.

Resp. Exh. 133 at 8.

Petitioner has failed to present any evidence in this proceeding to overcome the presumption of correctness given to the state post-conviction court's finding of fact. 28 U.S.C. § 2254(e)(1). Accordingly, petitioner has failed to demonstrate that the post-conviction court's rejection of these claims was contrary to, or an unreasonable application of, clearly established federal law.

    2.   Failure to Call Witnesses/Seek Continuance
        (Ground for relief 1.4)

In ground for relief 1.4, petitioner complains that trial counsel failed to call petitioner's requested witnesses and failed

11 -- OPINION AND ORDER

to seek a continuance to locate witnesses. In petitioner's post-conviction deposition, petitioner identified the following individuals that trial counsel failed to call as witnesses:

>   (1) Lisa Borchers (co-defendant), Kelly Sader, and Raymond Wayne Smith (to testify about petitioner's drug use prior to the offense and that petitioner's guns were inoperable);
>
>   (2) K.H. Snich (crime lab employee), and a firearms expert (to testify about the condition of petitioner's guns);
>
>   (3) Hospital employee who conducted urinalysis, and emergency room physician;
>
>   (4) Officers James Rawlins and William Thompson (to testify about the destruction of evidence).

Resp. Exh. 126 at 8, 14-19; Exh. 137 at 18-19.

The post-conviction court made the following findings regarding the omitted witnesses:

>   Petitioner failed to prove that counsel was inadequate for not calling specific witnesses on his behalf. Further, petitioner failed to prove that such witnesses would have affected the outcome of his case.

Resp. Exh. 133 at 8.

Petitioner offers no evidence in this proceeding to rebut the post-conviction court's finding of fact. In this regard, it is worthy of note that petitioner did not present any evidence at the post-conviction proceeding concerning the foregoing witnesses, and petitioner failed to address this ground for relief in his memoranda to this court. Consequently, petitioner has failed to demonstrate that trial counsel was deficient in failing to call these individuals as witnesses, or that there is a reasonable

12 -- OPINION AND ORDER

probability that offering their testimony would have resulted in a different outcome. See Dows v. Wood, 211 F.3d 480, 486-87 (9th Cir.), cert. denied, 531 U.S. 908 (2000).

3. Failure to Move to Suppress Statements (Ground for Relief 1.5)

In ground for relief 1.5, petitioner complains that trial counsel failed to move to suppress evidence. In ground for relief 2, petitioner alleges generally that appellate counsel failed to "raise and address issues with merit."[5]

The state record reveals that petitioner's trial counsel did move to suppress petitioner's statements, but that the motion was denied on the basis that Judge Blensly's 1985 ruling was the "law of the case." Trial Tr. 25-29. In light of this procedural history, the post-conviction court made the following finding of fact:

> Petitioner also argues that his trial counsel was inadequate because he did not move to suppress statements made by petitioner while he was in the hospital. Yet, trial counsel did file a motion to suppress those statements. The trial court denied the motion. This issue was the sole subject of petitioner's appellate brief, and the Court of Appeals affirmed the trial court. Accordingly, trial counsel's conduct did not deprive petitioner of effective assistance of counsel.

Resp. Exh. 133 at 6.

---

[5] Arguably, petitioner failed to raise this ground for relief with sufficient specificity. See Rule 2(c), of the Rules Governing Section 2254 Proceedings. In any event, I conclude that it fails on the merits.

13 -- OPINION AND ORDER

Petitioner has failed to rebut this finding of fact with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Petitioner now argues, however, that trial counsel's deficiency was not in failing to *move* to suppress, but rather in failing "to submit the record taken in Wells' ACCA case to the trial court" in support of a motion to suppress. I am not convinced that this claim was fairly presented to the state post-conviction court in the second amended petition for post-conviction relief, or on appeal therefrom. See Resp. Exhs. 110 at 4; 137 at 1, 8-13; see also Moormann, 426 F.3d at 1056 (discrete claims of ineffective assistance of counsel must be individually exhausted); footnote 3, *supra*.

Alternatively, if the claim is deemed exhausted,[6] the claim fails on the merits. Petitioner argues that "[i]f Judge Luukinen had had the benefit of the transcript, he would likely have reconsidered Judge Blensly's denial of the motion to suppress and have adopted Judge Redden's application of the clear federal law on the question." I disagree.

The trial judge denied petitioner's *pro se* motion to suppress, and counsel's motion to suppress, on the basis that Judge Blensly's

---

[6] See Resp. Exh. 113 at 26 (raising issue of federal suppression hearing in supplemental *pro se* filing); see also Lopez v. Schriro, 491 F.3d 1029, 1040 (9th Cir. 2007), cert. denied, 128 S.Ct. 1227 (2008) (petitioner may provide further factual support to habeas claim in federal district court provided it does not fundamentally alter the claim exhausted in state court).

ruling, affirmed on appeal, was the law of the case. Trial Tr. 12-14, 27-29. Petitioner, on his own, *did* alert the trial judge to the fact that Judge Redden had granted a suppression motion involving the same issue in a separate federal proceeding. Although it is not entirely clear that the trial judge understood that petitioner was referring to the ACCA proceeding, it is clear that the trial judge concluded that the only rulings relevant to petitioner's suppression motion were those rendered in the state prosecution. Trial Tr. at 12-14. On appeal, Judge Redden's decision was made part of the record, and appellate counsel referenced the decision in the petition for review to the Oregon Supreme Court. Resp. Exh. 105 at 1-3; Pet. Exh. E.

Based on this record, petitioner has failed to demonstrate that there is a reasonable probability that, had counsel offered Judge Redden's decision in support of the motion to suppress, the trial judge would have reconsidered Judge Blensly's ruling. See State v. Custer, 146 Or. App. 487, 494-96, 934 P.2d 455 (1997) (when appellate court determines the admissibility of evidence, a trial court on remand is not entitled to reconsider suppression motion); but see O.R.S. 133.673(2) (motion to suppress which has been denied may be renewed, in the discretion of the court, on the ground of newly discovered evidence, or as the interests of justice require). Similarly, petitioner has failed to demonstrate that he

15 -- OPINION AND ORDER

suffered prejudice from the manner in which the issue was raised on appeal. Accordingly, habeas relief is not warranted.

4.  Failure to Object to Use of Leg Restraints
    (Ground for Relief 1.6)

In ground for relief 1.6, petitioner complains that trial counsel failed to object to the use of leg restraints. At the post-conviction proceeding, trial counsel attested that he did raise an objection. A review of the state record, however, reveals only an objection raised by petitioner, himself, at sentencing. Trial Tr. at 368. In response, the trial judge stated:

> Mr. Wells, I just want to note for the record, you mentioned the leg brace. It was the type of brace that is not visible. It was under your pants leg. It's the kind that locks if you should attempt to run. And specifically I find that that was not visible to the jury. And certainly the level of security that was present during the trial is no different than the security that's here today and certainly what anyone would expect for someone who is charged with the offenses that you were charged with to have that level of security.
>
> So certainly it's the Court's opinion that there is no basis for the allegation that the jury would have taken some inference that would be inappropriate from your appearance during the course of the trial. You had civilian clothes available to you. We went through that issue before.

Trial Tr. at 369.

The post-conviction court made the following findings of fact on this issue: (1) trial counsel's assertion that he raised an objection was credible; and (2) the leg braces were not visible to the jury. The post-conviction court concluded that "[c]ounsel's

16 -- OPINION AND ORDER

actions or omissions . . . did not violate petitioner's constitutional rights." Resp. Exh. 133 at 6-7.

Petitioner has failed to rebut the post-conviction court's factual finding that the leg braces were not visible to the jury. This factual finding is accorded a presumption of correctness. 28 U.S.C. § 2254(e)(1). This presumed fact, coupled with the comments made by the trial judge at sentencing concerning the severity of the charges against petitioner, weighs against petitioner's necessary assertion that a pretrial objection to the restraints would have been granted. Accordingly, the post-conviction court's conclusion that trial counsel was not constitutionally ineffective is neither contrary to, nor an unreasonable application of, clearly established federal law.

    5.   Failure to Object to Presentence Report Errors
        (Ground for Relief 1.9)

In ground for relief 1.9, petitioner complains that trial counsel failed to object to errors in the presentence report. A review of the state record reveals that trial counsel raised numerous objections to the presentence report relating to petitioner's juvenile record; aggravating factors; and the inclusion in the report of dismissed charges, a letter from Detective James Rawlins, a statement by a hearings officer, and a statement by Superintendent Zenon. Trial Tr. at 356-59. The post-conviction court, in turn, rejected petitioner's ineffective

17 -- OPINION AND ORDER

assistance claim, finding that "[c]ounsel raised the viable issues dealing with petitioner's PreSentence Investigation Report at the time of sentencing." Resp. Exh. 133 at 9.

Petitioner has failed to address this claim in his memoranda to this court. Petitioner has failed to rebut the post-conviction court's findings with clear and convincing evidence, and has failed to demonstrate that it's conclusion that counsel was not ineffective is contrary to, or an unreasonable application of, clearly established federal law.

    6.   Failure to Object to Vindictive Sentence (Ground for Relief 1.10)

In ground for relief 1.10, petitioner complains that trial counsel failed to object to the vindictive nature of his sentence and the trial court's failure to allow credit for time served. However, the state record reveals that, prior to sentencing, trial counsel did request that petitioner be given credit for time served and that the sentence imposed in 1985 "be a threshold beyond which the court may not go" so as not to "chill a person's right to appeal." Trial Tr. at 365.

The state post-conviction court rejected petitioner's ineffective assistance claim, concluding that the sentence was not vindictive and trial counsel was not constitutionally deficient. Resp. Exh. 133 at 6. The post-conviction court reasoned that the trial court "did not sentence petitioner to a more severe sentence

for the same crimes", but rather "imposed a greater sentence because petitioner was convicted of more crimes upon retrial." Resp. Exh. 133 at 4-5; Trial Tr. at 372. With regard to credit for time served, the post-conviction court concluded that "[t]he time in question was credited to the Marion County case which had previously been run consecutively to this case." Resp. Exh. 133 at 9; see also Footnote 1, *supra*.

Petitioner has not addressed this claim in his memoranda to this court, has not rebutted the state post-conviction court's findings of fact, and, therefore, has not demonstrated that the post-conviction court's rejection of this claim was contrary to, or an unreasonable application of, clearly established federal law. Accordingly, habeas relief is not warranted.

    **B.** **"Catch-all" Claim (Ground for Relief 8).**

In ground for relief 8, petitioner seeks to raise any exhausted claim not specifically set forth in the *pro se* habeas petition. Respondent moves the court to deny this claim on the basis that it does not set "forth in summary form the facts supporting" it as is required by Rule 2(c) of the Rules Governing § 2254 Cases. Petitioner has filed no opposition to the denial of this ground for relief. Accordingly, it is denied for failure to

comply with Rule 2(c).  See Mayle v. Felix, 545 U.S. 644, 655-56 (2005).[7]

## CONCLUSION

Based on the foregoing, petitioner's petition for writ of habeas corpus (#2) is DENIED, and this proceeding is DISMISSED, with prejudice.  Petitioner's request for oral argument is denied.

IT IS SO ORDERED.

DATED this _20_ day of October, 2008.

/s/  Malcolm F. Marsh_____
Malcolm F. Marsh
United States District Judge

---

[7] To the extent petitioner now seeks to raise a new claim attacking the multiplicity of counts 2 and 7 (see Petitioner's Response to Reply at 6-8), the claim is denied on the basis that it was not adequately alleged in his habeas petition.  Rule 2(c) of the Rules Governing Section 2254 Proceedings; see also Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994), cert. denied, 514 U.S. 1026 (1995) (traverse not proper pleading to raise additional grounds).

20 -- OPINION AND ORDER